[Cite as *Hanak v. Bush*, 2017-Ohio-4282.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| SHELLY ANN HANAK | ) | CASE NO. 16 MA 0196 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ZARYL GUY BUSH, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from the Court of Common
                             Pleas, Domestic Relations Division, of
                             Mahoning County, Ohio
                             Case No. 07 DR 713

JUDGMENT:                    Affirmed.

APPEARANCES:
For Plaintiff-Appellee:      Shelly Ann Hanak, *Pro se*
                             1817 Lemont Drive
                             Poland, Ohio  44514


For Defendant-Appellant:     Zaryl Guy Bush, *Pro se*
                             #643-199
                             Lake Erie Correctional Institution
                             501 Thompson Rd
                             Conneaut, Ohio  44030


JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                             Dated:  June 9, 2017

WAITE, J.

{¶1} Appellant, Zaryl Guy Bush, appeals the decision of the Mahoning County Common Pleas Court, Domestic Relations Division, to deny his motion seeking to establish/modify parenting time. As Appellant failed to file timely objections to the November 21, 2016, magistrate's decision, Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} Appellant and Appellee, Shelly Ann Hanak, were divorced on June 24, 2008. The parties have two minor children born of the marriage who were seventeen and sixteen years old at the time Appellant filed his motion. Appellant's right to parenting time was suspended by the trial court in a judgment entry dated May 24, 2013, and he had no parenting time with the children when he filed his motion.

{¶3} Appellant is incarcerated in the Lake Erie Correctional Institution, serving a life sentence for murder of a minor child and for felony child endangerment. Appellant filed his motion to establish/modify parenting time on September 9, 2016. A hearing on that motion was held on November 17, 2016. Appellant made his appearance by telephone. Testimony by both parties was elicited at the hearing. During the hearing, Appellant asked the court to interview both children. The trial court refused, noting that the children had undergone counseling as a result of their father's murder conviction. The court reasoned that requiring the children to be interviewed about whether they wished to visit their father in prison could possibly result in additional psychological harm.

**{¶4}** In a magistrate's decision dated November 21, 2016, Appellant's motion to establish/modify parenting time was denied. On November 25, 2016, Appellant filed a *pro se* motion for preparation of a transcript at the state's expense. On December 1, 2016 this motion was also denied. The magistrate determined that the court was not required to provide a transcript at public expense pursuant to *In re E.J.,* 12th Dist. No. CA2014-07-098, 2015-Ohio-731. On December 6, 2016, the trial court issued a judgment entry adopting the decision of the magistrate and denying Appellant's motion. On December 7, 2016, Appellant filed objections to the November 21, 2016 magistrate's decision. The trial court issued a judgment entry on December 14, 2016, denying Appellant's objections to the magistrate's decision as untimely. Appellant filed his *pro se* appeal on December 28, 2016.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO INTERVIEW THE CHILDREN IN CHAMBERS, THE WISHES AND CONCERNS OF THE CHILDREN AS EXPRESSED TO THE COURT TO DETERMINE VISITAION [SIC].

**{¶5}** In his assignment of error, Appellant contends that the trial court erred in not interviewing the minor children to ascertain their wishes regarding visitation with Appellant.

**{¶6}** We note at the outset that Appellant did not file timely objections to the November 21, 2016, magistrate's decision. Civ.R. 53(D)(3)(b)(iv) provides:

*Waiver of right to assign adoption by court as error on appeal.* Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b).

{¶7} Because Appellant failed to file timely objections to the magistrate's decision, we review Appellant's assignment of error only for plain error. See *R.G. Real Estate Holding, Inc. v. Wagner,* 2d Dist. No. 16737, 1998 WL 199628 (Apr. 24, 1998). The plain error doctrine originated as a criminal law concept. In applying the doctrine of plain error to a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings. *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. See also *In re B.Z.D.,* 7th Dist. No. 15 JE 0021, 2016-Ohio-886, ¶ 32.

{¶8} Even under a plain error standard, our review here is impeded because Appellant has failed to provide a written transcript of the hearing before the magistrate. Pursuant to App.R. 9(B)(1), "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the

specifications of App.R. 9(B)(6)." Absent a transcript of proceedings, we must presume the regularity of the proceedings below. *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶9} In its November 21, 2016, entry, the magistrate addressed the issue of interviewing the children when detailing the statutory factors to be considered in determining visitation issues:

> The Court has not interviewed the children. Although Defendant/Zaryl Bush stated in his testimony that he wants the Court to "see what the children want" it is discretionary for the Court to interview children for a motion to modify visitation. The Court does not find that the children should be interviewed.

> It has been difficult for the children to deal with the murder conviction and subsequent incarceration of their father. They have had to undergo counseling. It was particularly difficult for [the parties' son]. The Court does not want the children to have to submit to an interview with the Court regarding whether they should have contact with Defendant/Zaryl Bush. This could cause additional psychological harm. Plaintiff/Shelly Hanak is in the best position to know whether the children should have contact with Defendant/Zaryl Bush at this time.

(11/21/16 Mag. Dec., pp. 2-3.)

{¶10} R.C. 3109.051(C) provides that when a court is determining whether to grant parenting time, it "shall consider any mediation report" and "shall consider all

other relevant factors, including, but not limited to, all of the factors listed in division (D)." The statute also allows that, "the court, in its discretion, may interview in chambers any or all involved children regarding their wishes and concerns." R.C. 3109.051(C). Contrary to other considerations, the plain language of the statute provides that the interview Appellant demands is discretionary and not mandatory.

**{¶11}** The relevant statute clearly states that a court interview of the children may be conducted, but that whether or not to conduct such an interview is a matter left to the discretion of the court. For the reasons stated in its judgment entry, the trial court here determined that subjecting the children to an interview would likely cause more harm than good in light of the issues surrounding their father's murder conviction.

**{¶12}** Appellant's failure to timely object to the magistrate's decision precludes appellate review for all but plain error. Appellant has not provided a transcript of hearing in this matter. After our review of the record as submitted on appeal, we conclude that this case does not present exceptional circumstances that rise to the level of plain error. As Appellant has not demonstrated plain error exists, his assignment of error is overruled. The judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.